UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUILLERMO TREVINO,<br>      Plaintiff, | :<br>:<br>: |
| v. | :   3:13-cv-00471-WWE |
| | : |
| KEVIN WILBER and CHRIS LADD,<br>      Defendants. | :<br>: |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

In this action, plaintiff Guillermo Trevino alleges that defendant police officers Kevin Wilber and Chris Ladd conducted an unreasonable search of plaintiff's barber shop. Defendants have moved to dismiss for failure to state a claim. For the following reasons, defendants' motion to dismiss will be denied.

## BACKGROUND

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

Plaintiff is a licensed barber in the State of Connecticut and owns and operates Gio's Barber Shop at 189 Central Avenue in Norwich.

Defendants were officers of the Norwich Police Department.

In the late afternoon of January 5, 2013, while plaintiff was cutting the hair of a customer, defendants entered plaintiff's barber shop without permission and announced that they were searching for a telephone. Defendants ordered all of plaintiff's customers to hand over their cell phones and examined the contents thereof. They ordered one customer to "unlock" his phone so that they could access its contents.

Defendants remained on the premises for several minutes while conducting their

warrantless search.

Plaintiff alleges that defendant's search was unreasonable, in violation of his Fourth Amendment rights.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants argue that plaintiff lacks standing because he had no reasonable expectation of privacy in the cell phones of his customers.

Plaintiff does not purport to vicariously assert the rights of his customers.  Rather, he asserts that defendants conduct constituted an unreasonable search of his commercial premises. Indeed, "[t]he businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property." See v. City of Seattle, 387 U.S. 541, 543 (1967).

"The Fourth Amendment protects against unreasonable searches of commercial premises.

In general, a state actor must obtain a warrant based on probable cause to lawfully execute a search." Anobile v. Pelligrino, 303 F.3d 107, 117 (2d Cir. 2001); see also New York v. Burger, 482 U.S. 691, 699 (1987) ("The Court long has recognized that the Fourth Amendment's prohibition on unreasonable searches and seizures is applicable to commercial premises, as well as to private homes.").

"[E]xcept in certain carefully defined classes of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant." Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 528 (1967). Accordingly, defendants' motion will be denied.

## CONCLUSION

Fore the foregoing reasons, defendants' motion to dismiss [Doc. # 14] is DENIED.

Dated this 23rd day of June, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　WARREN W. EGINTON
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE